UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                   )          CASE NO. 23-61213-PMB
                                         )
CLIFFORD STEVEN MOWERY,                  )          CHAPTER 7
                                         )
        Debtor.                          )
                                         )

**TRUSTEE'S MOTION FOR AUTHORITY TO PAY SECURED PARTY,
ADMINISTRATIVE EXPENSES OF CHAPTER 7 ESTATE, AND EXEMPTION**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Clifford Steven Mowery ("**Debtor**"), by and through undersigned counsel, and files *Trustee's Motion for Authority to Pay Secured Party, Administrative Expenses of Chapter 7 Estate, and Exemption* (the "**Motion**"). In support of his Motion, Trustee respectfully shows:

**Jurisdiction and Venue**

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background Facts**

*a. General Background*

2.

On November 10, 2023 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. Trustee was thereafter appointed the Chapter 7 trustee for Debtor's bankruptcy estate.

**b.  The Property**

3.

At the commencement of the Bankruptcy Case, a bankruptcy estate was created pursuant to 11 U.S.C. § 541(a) (the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the bankruptcy case and any interest in property that the estate acquires after commencement of the bankruptcy case. 11 U.S.C. § 541(a)(1) and (7). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a).

4.

By virtue of a deed dated October 13, 2016, Debtor and Brandy M. Mowery ("**Mrs. Mowery**") were granted an ownership interest in the Property.  The deed was recorded in the real property records of Charleston County South Carolina (the "**Real Estate Records**") on October 17, 2016 at Book 0590, Page 325.

5.

After Trustee initiated an adversary proceeding against Mrs. Mowery, the Bankruptcy Court entered an order and judgment, authorizing Trustee to sell Mrs. Mowery's interest in the Property under Section 363(h) of the Bankruptcy Code.  [Doc. Nos. 8 and 9; Adv. Pro. No. 24-5126-PMB].

**c.  Alleged Liens, Interests and Encumbrances on or against the Property**

6.

Trustee has obtained a title report (the "**Title Report**") for the Property.   The Title Report reflected that Debtor and Mrs. Mowery granted a security interest against the Property to South State Bank.  Upon information and belief, the balance of the debt secured by the interest of South State Bank was approximately $260,000.00.

7.

In addition, there are two HOA liens (the "**HOA Liens**") against the Property owed to Egret's Walk Condominium Association, Inc. and Dunes West Property Owners' Association, Inc.

8.

Finally, there was a judgment lien owed to Mayer Electric Supply Co., Inc. ("**Mayer**") with a balance of approximately $297,000.00.

9.

Debtor claims an exemption of $10,000.00 in the Property.

#### d.   Sale Motion and Carveout Agreement

On August 19, 2025, Trustee filed *Trustee's Motion for (A) Authority to (i) Sell Property of the Bankruptcy Estate Free and Clear of Liens, Interests, and Encumbrances; and (ii) Disburse Certain Proceeds at Closing; and Approve Carveout Agreement with Mayer Electric Supply Co., Inc. Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Doc. No. 48] (the "**Sale Motion**") and related papers with the Court, seeking, among other things,[1] an order from the Court authorizing the sale of the Property and approval of a carveout agreement (the "**Mayer Agreement**") between Trustee and Mayer through which the Bankruptcy Estate will receive a $20,000.00 carveout from the judgment lien of Mayer.

10.

On September 18, 2025, the Court entered an order [Doc. No. 53] approving the Sale Motion, authorizing Trustee to sell the Property, and approving the Mayer Agreement. On September 18, 2025, Trustee closed a sale (the "**Sale**") of the Property. [Doc. No. 56]. As a result of the sale, Trustee received net sale proceeds of $83,148.94.

---

[1]   The following is meant only as a summary of the relief requested in the Sale Motion. To the extent that the terms of this notice and the terms of the Sale Motion conflict, the terms of the Sale Motion shall control.

***e.   Tax Consequences and Funds Owed to Mayer***

11.

As a result of the Sale, the Bankruptcy Estate has incurred income tax expenses owed to the Georgia Department of Revenue in the amount of $1,558.00 and the South Carolina Department of Revenue $1,132.00.  As a result of these tax payments and the express terms of the Mayer Agreement, Trustee owes Mayer $50,458.94 for its secured claim.

**Relief Requested**

12.

Trustee requests authority to pay $1,558.00 to the Georgia Department of Revenue, $1,132.00 to the South Carolina Department of Revenue, and $50,458.94 to Mayer in accordance with the previously approved Mayer Agreement.  Trustee also requests authority to pay Debtor his $10,000.00 exemption in the Property.

13.

There are sufficient funds in the Bankruptcy Estate with which to make the foregoing payments, and such payments are proper either as secured claim payments or administrative expenses of the Bankruptcy Estate.

WHEREFORE, Trustee requests that the Court grant this Motion and authorize Trustee to pay the above-described secured claims or administrative expense claims.

Respectfully submitted this 1st day of April, 2026.

ROUNTREE LEITMAN KLEIN & GEER, LLC
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
mbargar@rlkglaw.com

Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
404-410-1220

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused to be served a copy of the foregoing *Trustee's Motion for Authority to Pay Secured Party, Administrative Expenses of Chapter 7 Estate, and Exemption* by filing same with the Court using the CM/ECF system, which will send an electronic mail notification to the parties as indicated below:

- **Joseph Chad Brannen**
  chad@brannenlawfirm.com, info@brannenlawfirm.com;5321@notices.nextchapterbk.com
- **A. Michelle Hart Ippoliti**
  Michelle.ippoliti@mccalla.com, bankruptcyecfmail@mccalla.com;mccallaecf@ecf.courtdrive.com
- **Ronald A. Levine**
  rlevine@levineblock.com, rlevine682@gmail.com

- **Travis E. Menk**
  travis.menk@brockandscott.com, wbecf@brockandscott.com
- **Office of the United States Trustee**
  ustpregion21.at.ecf@usdoj.gov
- **Ryan Starks**
  wbecf@brockandscott.com

This is to further certify that I, Michael J. Bargar, am over the age of 18 and that on this day I have caused to be served a copy of the forgoing *Trustee's Motion for Authority to Pay Secured Party, Administrative Expenses of Chapter 7 Estate, and Exemption* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class United States Mail, to the following persons at the addresses stated:

Mayer Electric Supply Company, Inc.
c/o Gady Zeewy, Esq.
Levey & Zeewy, LLC
1862 Independence Square
Suite D
Atlanta, GA 30338-5136

Clifford Steven Mowery
1795 Lake Dow Road
McDonough, GA  30252

Mrs. Dolly Sherman
Mayer Electric Supply Company, Inc.
6500 Peachtree Industrial Blvd.
Atlanta, GA 30071-5136

This 1st day of April, 2026.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709